```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

JACKSON                                   CIVIL ACTION

VERSUS                                    NO: 13-5864

MURPHY EXPLORATION &                      SECTION: "J" (3)
PRODUCTION CO., ET AL
```

### ORDER & REASONS

Before the Court is Defendant Murphy Expro-USA ("Murphy")'s **Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6) (Rec. Doc. 20)**, Plaintiff Veressa Jackson ("Ms. Jackson")'s opposition thereto (Rec. Doc. 23), and Murphy's reply to the same (Rec. Doc. 27). Defendant's motion was set for hearing on November 6, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendant's motion should be **GRANTED IN PART AND DENIED PART** for the reasons set forth more fully below.

### FACTS & PROCEDURAL HISTORY

This matter arises from claims of unseaworthiness and for maintenance and cure under general maritime law as well as a

1

negligence claim under the Jones Act. Ms. Jackson brings these claims on behalf of the decedent, Franklin Ronald Jackson, Sr. ("Mr. Jackson"), who passed away on September 19, 2012 after having been diagnosed with Chronic Lymphocytic Leukemia ("leukemia") in April 2011. Ms. Jackson alleges that Mr. Jackson was exposed to benzene during his employment with the various named defendants between the years of 1961 and 2006. Pertinent to the instant motion, Ms. Jackson alleges that Mr. Jackson was exposed to benzene while working on various vessels in the Ocean Drilling and Exploration Company ("ODECO") Fleet between 1964 and 1968.[1] As a result of this exposure, Plaintiff argues that she is entitled to recover damages and to an award of maintenance and cure. Murphy filed the instant motion to dismiss on October 15, 2013.

## PARTIES' ARGUMENTS

Murphy only requests dismissal of certain claims. First, Murphy argues that Ms. Jackson's maintenance and cure claim fails as a matter of law because Mr. Jackson worked on their vessels over forty years ago, thus the claim is not made within a reasonable time after the his service to any ODECO vessel; and,

---

[1] Murphy is the successor-in-interest to ODECO. (Rec. Doc. 20, p. 1)

2

even if there is a viable maintenance and cure claim, plaintiff cannot recover attorney's fees or punitive damages for failure to pay because Murphy was never notified of the illness. Additionally, Murphy argues that Plaintiff is not entitled to damages related to future losses because such damages are not available after the decedent's death.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw

all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## DISCUSSION

### A. Maintenance and Cure Claim

"A seaman injured in the course of employment has a claim for maintenance and cure." Kendrick v. Maersk Line, Ltd., No. 04-1147, 2006 WL 2662996 *4 (E.D. La. Sept. 15, 2006) (Fallon, J.). A claim for maintenance and cure, however, "has no basis in the absence of a showing that the [illness] began while [the seaman] was in the service of the [defendant]." Miller v. Lykes Bros.-Ripley S.S. Co., 98 F.2d 185, 186 (5th Cir. 1938). Further, once it is established that a seaman is entitled to maintenance and cure, he is only entitled to receive such benefits from the time that he is rendered unfit for duty until he is either fit for duty or until he has reached maximum cure. See Kendrick, 2006 WL 2662996 at *4-*5. "Maximum cure is the point at which it is probable that further treatment will not result in betterment of the seaman's condition." Id. at *5.

Here, there are several issues surrounding an award of

maintenance and cure that are best resolved at a later time in the proceeding. These issues include: (1) whether Mr. Jackson's illness existed at the time of his service on defendant's vessel,[2] (2) when Mr. Jackson became unfit for duty, and (3) when Mr. Jackson reached maximum cure prior to his death. Despite these different hurdles that will have to be overcome, dismissal at this early stage in litigation would be improper because, taking the allegations in a light most favorable to the plaintiff, plaintiff has stated a potential claim for maintenance and cure from the time that Mr. Jackson became unfit for duty until either the time he reached maximum cure or until his death, whichever came first. Therefore, Defendant's motion must be denied as to this issue.

**B. Attorney's Fees and Punitive Damages Relating to Maintenance and Cure**

Defendant's request to dismiss all claims for attorney's fees and punitive damages is premature. As Plaintiff aptly points out, the opinions to which Defendant cites were all rendered at a

---

[2] While it seems counterintuitive to even consider finding that Mr. Jackson's leukemia "existed" over forty years ago while he worked for Defendant, few courts have analyzed the right to maintenance and cure with regard to asymptomatic illnesses. See Messier v. Bouchard, 688 F.3d 78, 84 (2d Cir. 2012) as amended (Aug. 15, 2012), cert. denied, 133 S. Ct. 1586 (U.S. 2013). In the only circuit court opinion addressing this issue, the Second Circuit urged courts to recognize that "[t]he concept that a slow-growing, symptomless disease might lurk inside a human body for years or decades [...] is a well-known reality today." Messier, 688 F. 3d. at 87 (internal citations omitted). Therefore, the Court will heed this advice and withhold ruling on this issue until the record is more fully developed.

late stage in litigation when the record was more fully developed. Therefore, the request is denied without prejudice to re-assert the same arguments at a later date in the proceedings.

**C. Claims for Future Damages**

Plaintiff agrees in her opposition that her claims for future pain and suffering, future medical expenses, future physical therapy, future medication expenses, and future disability should be dismissed. Therefore, the motion must be granted on these grounds. The parties dispute, however, whether Ms. Jackson's claims for future-earnings related damages should be dismissed. As was the case with punitive damages and attorney's fees, the Court finds that the discussion of damages is premature and will deny defendant's motion without prejudice to re-assert the same arguments at a later date in the proceedings.

Accordingly,

**IT IS ORDERED** that Murphy's **Motion to Dismiss Certain Claims Pursuant to Rule 12(b)(6) (Rec. Doc. 20**) is **GRANTED** inasmuch as it seeks to dismiss claims for future pain and suffering, future medical expenses, future physical therapy, future medication expenses, and future disability. Murphy's motion is **DENIED** in all other respects.

New Orleans, Louisiana this 3rd day of December, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE